IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD CAIN II | § | |
|    TDCJ-ID #812200 | § | |
| V. | § | C.A. NO. C-04-502 |
| | § | |
| GILBERT HERRERA, ET AL. | § | |

**SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION**
**FOLLOWING REMAND**

Pursuant to the Court's February 28, 2006, Order of Remand (D.E. 37), the following Supplemental Memorandum and Recommendation on plaintiff's property claim is entered.

## I. Procedural history

Plaintiff filed suit on October 6, 2004 alleging that certain McConnell Unit officers and officials had retaliated against him for exercising his right to file grievances. (D.E.1). In describing one incident of alleged retaliation, plaintiff related that Officer Herrera and Captain Ambriz searched his property in an attempt to find a grievance that was of issue in another lawsuit. Id. Plaintiff did not think the search was necessary because he believed the officers could obtain a copy of the grievance from his prison grievance records; however, he permitted the officers to search his legal property. Plaintiff claimed in this lawsuit that the search itself was pretext, and just another excuse to harass him.

By Memorandum and Recommendation entered January 10, 2005, it was recommended that plaintiff's retaliation claims against Officer Herrera and Captain Ambriz be retained.[1] (D.E.12).

---

[1] It was also recommended that plaintiff's claims against Doug Dretke go forward ( D.E. 12), and the Court adopted that recommendation. (D.E. 19). Later, plaintiff's claims against Doug Dretke were dismissed on Dretke's motion for summary judgment. (D.E. 33).

Plaintiff did not file objections to the recommendation, and on February 14, 2005, the Court adopted the recommendation. (D.E. 19).

On July 27, 2005, Officer Herrera and Captain Ambriz filed their motion for summary judgment on plaintiff's single claim: whether they had searched plaintiff's legal materials in retaliation for his filing grievances. (D.E. 28). On August 5, 2005, plaintiff filed a summary judgment response. (D.E. 29, 31). Plaintiff identified his claim as follows:

> Plaintiff Gerald Cain II is challenging the conditions of confinement, alleging retaliation for pursuing legal activity. ... Plaintiff is alleging that the defendants have violated his constitutional rights by harassing and retaliating against him; plaintiff is not pursuing a Fourth Amendment claim no-matter how his opinion may sound in this Answer.

D.E, 29 at 2; D.E. 31 at 2.

On December 7, 2005, it was recommended that defendants' motion for summary judgment be granted. (D.E. 34). On December 15, 2005, plaintiff filed objections to the recommendation. (D.E. 36). Plaintiff argues that the magistrate judge wrongfully noted that he was not alleging a property deprivation claim. (D.E. 36 at 3). He states that, in his original complaint, he alleged that "an entire file of legal documents, along with correspondence from the courts was stolen and never returned, during this 'search' addressed in this complaint." Id. at 2. Based on plaintiff's representation, the Court remanded the case "for consideration of plaintiff's allegation that property was taken from him."

## II. Discussion

### A.  Denial of access to the courts.

Assuming as true plaintiff's allegation that defendants wrongfully seized and failed to return his legal property, it is respectfully recommended that this allegation, viewed as a separate and

distinct claim, and not merely a fact in support of plaintiff's retaliation claim, be dismissed as frivolous and for failure to state a claim.

Plaintiff's allegation that legal property was taken from him and not returned suggests that he was denied access to the courts.

It is well established that prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351). To show a denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury". Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351-54).

Here, assuming defendants seized, searched, and never returned plaintiff's legal materials, he cannot establish that he suffered any injury. Plaintiff states that the legal materials at issue were from a "6 month *dead* lawsuit." D.E. 36 at 3 (emphasis added). As noted in the December recommendation, this other lawsuit, C-04-096, was dismissed on April 28, 2004. Thus, the very legal materials that plaintiff claims were never returned to him involved a closed lawsuit. Plaintiff's position as a litigant could not be prejudiced by defendants keeping his legal property in a case that had been closed for over 6 months, and in which there was no appeal or further activity.[2]

Prior to filing his objections to the recommendation, plaintiff never attempted to establish a loss of property claim. Rather, plaintiff was trying to establish his *retaliation* claim by arguing

---

[2] Plaintiff filed a notice of appeal in C-04-096 on May 14, 2004; however, he moved to voluntarily dismiss the appeal less than two weeks later. See C.A. No. C-04-096 at D.E. 19, 22-24.

that defendants searched this "dead" lawsuit for purposes of harassing him because he filed grievances. Indeed, in his objection to the recommendation, plaintiff asks "why would Huntsville administrators want to see a grievance concerning a lawsuit that had been over for 6 months?" D.E. 36 at 3. Plaintiff was not concerned with the loss of his legal material; instead, he offered this incident as evidence of defendants' harassment and retaliation toward him.

To the extent plaintiff is attempting to state a claim of denial of access to the courts, he fails to allege any injury, and it is recommended that the claim be dismissed as frivolous and for failure to state a claim.

**B.    Loss of property.**

To the extent plaintiff is seeking damages for loss of his seized property, he fails to state a cognizable claim.

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. Hudson, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– – San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and

exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007 (Vernon 2005).

Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. See Hudson, 468 U.S. at 536 (noting that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). To the extent that plaintiff claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. Daniels v. Williams, 474 U.S. 327, 328 (1986). The burden is on the inmate to show that the post-deprivation remedy is inadequate. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Plaintiff has not filed suit in state court pursuant to § 501.007 or for conversion, nor has he argued that the post-deprivation remedy is inadequate. Thus, it is recommended that, to the extent plaintiff is seeking damages for loss of property, that his claim be dismissed.

**C.     Affect of alleged property claim on retaliation claims and summary judgment motion.**

Plaintiff argued that his legal materials were seized by defendants in retaliation for his filing grievances. To the extent plaintiff now argues that his property was never returned or destroyed in retaliation for filing grievances, this allegation, taken as true, does not change the recommendation that defendants' be granted summary judgment in their favor on plaintiff's retaliation claims. Whether defendants seized and returned the property or seized and destroyed the property makes no difference because, for the reasons outlined in the December 7, 2005 recommendation (D.E. 34),

plaintiff fails to establish a chronology of events from which retaliation can be inferred. The disposition of the property itself, whether returned or destroyed, is of no consequence.

### III. Recommendation

For the reasons above, it is respectfully recommended that plaintiff's property claim be dismissed with prejudice for failure to state a claim and as frivolous. For the reasons above, and for the reasons outlined in the December 7, 2005 memorandum and recommendation (D.E. 34), it is respectfully recommended that defendants' motion for summary judgment (D.E. 28) be granted.

Respectfully submitted this 3rd day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).